**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | ) |
| | ) |
| **v.** | ) **MAG. NO. 2000-M-0460-RBC** |
| | ) |
| **SRINI IYENGAR,** | ) |
| **a/k/a IYENGAR SRINIVASAN** | ) |

## MOTION TO RELEASE BAIL DEPOSIT

Comes Now the defendant, and files this his motion to release bail deposit and in support

thereof would show:

I.

On or about February 22, 2000, a complaint was filed in this cause charging the

defendant with a violation of 18 U.S.C. 1343.

II.

The defendant was arrested on the complaint and on or about February 25, 2000, was

released on certain conditions, one of which was that $5,000.00 be deposited in the registry of

the court. (Order Setting Conditions of Release attached).

III.

On or about February 25, 2000, Kris R. Kaushik, 11002 Aprilway, Houston, Texas

77024, placed $5,000.00 into the registry of the court to secure the defendant's release.

(Affidavit of Ownership of Security For Appearance attached).

IV.

On or about July 22, 2003, the complaint was dismissed.  (Dismissal of Complaint

attached).

V.

Accordingly, the defendant requests the $5,000.00 placed into the registry of the court by

Kris R. Kaushik be returned to him.

WHEREFORE, PREMISES CONSIDERED, defendant respectfully requests this Motion

be granted.

Respectfully Submitted,

Joseph C. Hawthorn
Joseph C. "Lum" Hawthorn, PC
485 Milam
Beaumont, Texas 77701
(409) 838-3969
(409) 832-5611 fax
State Bar No. 09258000
Attorney for Defendant Iyengar Srinivasan

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing document has been delivered to

Stephen Huggard, United States Attorney's Office, Suite 9200, 1 Courthouse Way, Boston,

Massachusetts, 02210 on this the ___4___ day of August 2003.

Joseph C. Hawthorn

## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **UNITED STATES OF AMERICA** | ) |
| | ) |
| **v.** | ) **MAG. NO. 2000-M-0460-RBC** |
| | ) |
| **SRINI IYENGAR,** | ) |
| **a/k/a IYENGAR SRINIVASAN** | ) |

## ORDER

Came to be heard on this the _____ day of August 2003, defendant's Motion to

Release Bail Deposit and it is of the Court's opinion that said Motion be GRANTED.  Therefore,

it is Ordered, Adjudged and Decreed that the defendant's Motion to Release Bail Deposit is

Granted and the Clerk is Ordered to return to Kris R. Kaushik, 11002 Aprilway, Houston, Texas

77024, the $5,000.00 he deposited into the registry of the Court on February 25, 2000.

IT IS SO Ordered.


Date: _____, 2003


_____
HONORABLE JUDGE PRESIDING

FROM :                                    PHONE NO. :                        Mar. 22 2000 11:02AM P7

UNITED STATES DISTRICT COURT                              SOUTHERN DISTRICT OF TEXAS

## HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | §<br>§ |
| vs. | §<br>§   Crim. No. __H-00-184M__ |
| IYENGAR SRINIVASAN<br>    aka Sprini Iyengar | §<br>§<br>§ |

## ORDER SETTING CONDITIONS OF RELEASE

IT IS ORDERED that the release of the defendant is subject to the following conditions.

1.  The defendant shall appear at all proceedings as required and shall surrender for service of any sentence imposed as directed.  The defendant shall appear at (if blank, to be notified):

    _____ on _____ .
    Place                                          Date/Time

2.  The defendant shall immediately advise the Court, defense counsel and the Pretrial Services Agency, in writing, of any change in address and telephone number.

3.  The defendant shall not commit any offense in violation of federal, state or local law while on release in this case.

4.  The defendant shall not intimidate or attempt to intimidate a witness, juror or officer of the court (18 USC §1503), obstruct a criminal investigation (18 USC §1510), or tamper with or retaliate against a witness, victim or informant (18 USC §§1512 and 1513).

### RELEASE ON PERSONAL RECOGNIZANCE OR UNSECURED BOND

IT IS FURTHER ORDERED that the defendant be released provided that:

[X]  5.  The defendant promises to appear at all proceedings as required and to surrender for service of any sentence imposed.

[ ]  6.  The defendant executes an unsecured bond binding the defendant to pay the United States the sum of $_____ in the event of a failure to appear as required or to surrender as directed for service of any sentence imposed.

     [ ]  The bond shall be signed by the following person(s) as surety:

    _____

    _____

    _____

Additional Conditions o Release

Upon finding that release by one of the above methods will not by itself reasonably assure the appearance of the defendant and the safety of other persons and the community, it FURTHER ORDERED that the release of the defendant is subject to the conditions marked below:

[ ]  7.    The defendant is placed in the custody of:

_____
(Name of person or organization)

_____
(Address)

_____          _____
(City/State/Zip Code)                     (Area code/Telephone Number)

who agrees (a) to supervise the defendant in accordance with all conditions of release, (b) to use every effort to assure the appearance of the defendant at all scheduled court proceedings, and (c) to notify the court immediately in the event the defendant violates any conditions of release or disappears.

Signed:_____
                        Custodian or Proxy


[X]  8.    The defendant shall:

   [X]  a.    Maintain employment at all times; if unemployed, actively seek employment.

   [ ]  b.    Maintain or commence an educational program.

   [X]  c.    Abide by the following restrictions on place of abode or travel:  Southern District of Texas , Eastern District of TEXAS (Beaumont) And District of MASSAchusetts

             and not associate with any person engaging in criminal activities or who has been charged with or convicted of a felony offense, or who has been released on bail, probation or parole.

   [X]  d.    Avoid all contact with any alleged victim of the offense charged and with any potential witness who may testify concerning the offense.

   [X]  e.    Report on a regular basis to the U.S. Pretrial Services Agency - Phone: 713-250-5218

   [ ]  f.    Comply with the following curfew:

             _____

2

FROM :                          PHONE NO. :                Mar. 22 2000 11:01AM P5

[X]  g.   Refrain from possessing a firearm, destructive device or other dangerous weapon.

[X]  h.   Refrain from excessive use of alcohol and any use of unlawful possession of a narcotic drug and other controlled substance (defined in 21 USC §302) unless prescribed by a licensed medical practitioner.

[ ]  i.   Participate in drug and alcohol screening and treatment as directed by Pretrial Services.

[ ]  ii.  Undergo medical or psychiatric treatment, including treatment for drug or alcohol dependency or substance abuse.  Treatment will be at:

_____

Defendant shall remain in that institution if required for that purpose.

[X]  j.   Execute an appearance bond in the amount of $ 100,000 There will be deposited in the registry of the Court the sum of $ 5,000 .  This deposit will be returned to the depositor upon the court's determination that the defendant has performed the conditions of his release.

[X]  The bond shall be signed by the following person(s) as surety: Two

_____ Wife + Brother _____

_____

[ ]  k.   The defendant will execute an appearance bond in the amount of $_____, secured by joinder of a corporate surety, duly authorized as an acceptable surety on federal bonds.

[ ]  l.   Return to custody each (week)day as of _____, after being released each (week)day as of _____, for employment, schooling, or the following limited purpose:

[X]  m.   Surrender any passport to the Clerk.

[X]  n.   Obtain no other passport.

[ ]  o.   Special conditions:

3

FROM :                              PHONE NO. :                    Mar. 22 2000 11:00AM P4

## Advice of Penalties and Sanctions

Violation of any of the foregoing conditions of release may result in the immediate issuance of a warrant for the defendant's arrest, a revocation of release, an order of detention, as provided in 18 USC §3148, and a prosecution for contempt as provided in 18 USC §401 which could result in a possible term of imprisonment or a fine.

The commission of any offense while on pretrial release may result in an additional sentence upon conviction for such offense to a term of imprisonment of not more than ten years, if the offense is a felony, or to a term of imprisonment of not more than one year, if the offense is a misdemeanor. This sentence shall be consecutive to any other sentence and must be imposed in addition to the sentence received for the offense itself. 18 USC §3147.

18 USC §1503 makes it a criminal offense punishable by up to five years of imprisonment and a $250,000 fine to intimidate or attempt to intimidate a witness, juror or officer of the court; 18 USC §1510 makes it a criminal offense punishable by up to five years of imprisonment and a $250,000 fine to obstruct a criminal investigation; 18 USC §1512 makes it a criminal offense punishable by up to ten years of imprisonment and a $250,000 fine to tamper with a witness, victim or informant; and 18 USC §1513 makes it a criminal offense punishable by up to ten years of imprisonment and a $250,000 fine to retaliate against a witness, victim or informant, or threaten or attempt to do so.

It is a criminal offense under 18 USC §3146, if after having been released, the defendant knowingly fails to appear as required by the conditions of release, or to surrender for the service of sentence pursuant to a court order. If the defendant was released in connection with a charge of, or while awaiting sentence, surrender for the service of a sentence, or appeal or certiorari after conviction, for:

[ ]  1.    an offense punishable by death, life imprisonment, or imprisonment for a term of fifteen years or more, the defendant shall be fined not more than $250,000 or imprisoned for not more than ten years, or both;

[ ]  2.    an offense punishable by imprisonment for a term of five years or more, but less than fifteen years, the defendant shall be fined not more than $250,000 or imprisoned for not more than five years, or both;

[ ]  3.    any other felony, the defendant shall be fined not more than $250,000 or imprisoned for not more than two years, or both;

[ ]  4.    a misdemeanor, the defendant shall be fined not more than $100,000 or imprisoned for not more than one year, or both.

A term of imprisonment imposed for failure to appear or surrender shall be consecutive to the sentence of imprisonment for any other offense. In addition, a failure to appear may result in the forfeiture of any bail posted.

4

## Acknowledgment of Defendant

I acknowledge that I am the defendant in this case, and that I am aware of the conditions of release. I promise to obey all conditions of release to appear as directed, and to surrender for service of any sentence imposed I am aware of the penalties and sanctions set forth above.

_____
Signature of Defendant

_____6410 LINDY ANN_____
Address

_____HOUSTON TX 77008 . _____
City/State/Zip Code

_____(713) 880-0104 . _____
Telephone Number

## Direction to United States Marshal

[X]  The defendant is ORDERED released after processing.

[ ]  The United States Marshal is ORDERED to keep the defendant in custody until notified by the clerk or judicial officer that the defendant has posted bond and complied with all other conditions for release. The defendant shall be produced before the appropriate judicial officer at the time and place specified, if still in custody.

Date:_____

_____
Calvin Botley
United States Magistrate Judge

5

FROM :                          PHONE NO. :                    Mar. 22 2000 11:00AM P2

UNITED STATES DISTRICT COURT                    SOUTHERN DISTRICT OF TEXAS

## HOUSTON DIVISION

UNITED STATES OF AMERICA              §    Crim No. H-00-184M
                                      §
                                      §    Pending in Dist of Massachusetts
                                      §            (District)
vs.                                   §    Distof Mass/Boston/ 2000-m-460-RBC
                                      §
IYENGAR SRINIVASN                     §    (Division-City/State)

aka Sprini  Iyengar                        Bond Set: $100,000.00 w/$5,000.00 depo

### AFFIDAVIT OF OWNERSHIP
### OF SECURITY FOR APPEARANCE

I, __Kris R. Kaushik__, on oath declare that I am the (owner)
(agent for owner) of the $ 5000                               (Cashier's Check/Money
Order No. ____916890____ drawn on Shell Eup. Credit Union _____ (Bank))
deposited as security on the appearance bond set for the defendant named
above, and that said deposit is to be returned to the owner at the address
listed below upon conclusion of this cause of action:

__Kris R. Kaushik__
Name of Owner

__11002 Aprilway__
Street or P. O. Box No.

__Houston Tx 77024.__
City, State, Zip Code

I, as owner/agent for owner, subject said funds to the provisions of Local
Rule 16 and consent and agree that should the defendant fail to abide by the
conditions of release imposed by the Court, the Court may, upon notice to me
of not less than 10 days, proceed to have said funds forfeited.

__Kris R.K__
Signature

__Same__
Address if Different from above

SWORN TO AND SUBSCRIBED BEFORE ME on __Feb. 25, 2000__.

Michael N. Milby

By _____
Deputy Clerk

FROM :                              PHONE NO. :                     Mar. 22 2000 10:59AM P1

Fri Feb 25 16:13:15 2000

UNITED STATES DISTRICT COURT

HOUSTON          , TX

Receipt No.    4 408103
Cashier        garyg

Tender Type  CHECK

Check Number: 6890

Transaction Type   C

Case No./Def No. 4:00-CR-1840  /   .

Dd Code    Qty No      Acct
4679         4        504700

Amount            $    5000.00

BOND FOR IYENGAR SRINIVASH PD BY KRI
S R. KAUSHIK

CR

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA )
)
V. ) MAG. NO. 2000-M-0460-RBC
)
SRINI IYENGAR, )
a/k/a IYENGAR SRINIVASAN )

## DISMISSAL OF COMPLAINT

The United States of America, pursuant to Rule 48(a) of the Federal Rules of Criminal Procedure, hereby dismisses the complaint against SRINI IYENGAR, a/k/a IYENGAR SRINIVASAN. As grounds for the instant dismissal, the undersigned states that further prosecution of the underlying complaint would not be in the interests of justice.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

By:

Stephen G. Huggard
Assistant U.S. Attorney

Leave To File Granted:

ROBERT B. COLLINGS
United States Magistrate Judge

Dated:          **JUL 2 2 2003**

DOCKETED